IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NORTH STAR INNOVATIONS INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ARKADIN, INC.,<br>ARKADIN INTERNATIONAL SAS,<br>NTT COMMUNICATIONS<br>CORPORATION, AND<br>NIPPON TELEGRAPH AND TELEPHONE<br>CORPORATION,**<br><br>Defendants. | **Case No.**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff North Star Innovations Inc. ("Plaintiff") files this Complaint against Defendants Arkadin, Inc., Arkadin International SAS, NTT Communications Corporation, and Nippon Telegraph and Telephone Corporation ("Defendants" or "Arkadin") for infringement of United States Patent No. 9,001,899 (the "'899 patent").

## THE PARTIES

### PLAINTIFF

1. North Star Innovations Inc. is a Delaware company with its principal place of business at Plaza Tower, 600 Anton Blvd., Suite 1350, Costa Mesa, CA 92626.

### DEFENDANTS

2. On information and belief, Arkadin, Inc. is a Delaware corporation with its principal place of business located at 5 Concourse Parkway, Suite 1600, Atlanta, GA 30328. On information and belief, Arkadin, Inc. may be served with process through its registered agent,

United Corporate Services, Inc., 874 Walker Rd, Ste C, Dover, DE 19904. On information and belief, this Court has personal jurisdiction over Arkadin, Inc. because Arkadin, Inc. has committed, and continues to commit, acts of infringement in the State of Delaware, has conducted business in the State of Delaware, and/or has engaged in continuous and systematic activities in the State of Delaware.

3. On information and belief, Arkadin International SAS is a corporation existing and organized under the laws of France with its principal place of business located at 153 Rue De Courcelles, Paris, France 75017. On information and belief, this Court has personal jurisdiction over Arkadin International SAS because Arkadin International SAS has committed, and continues to commit, acts of infringement in the State of Delaware, has conducted business in the State of Delaware, and/or has engaged in continuous and systematic activities in the State of Delaware.

4. On information and belief, NTT Communications Corporation is a corporation existing and organized under the laws of Japan with its principal place of business at 1-1-6 Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-8019, Japan. On information and belief, this Court has personal jurisdiction over NTT Communications Corporation because NTT Communications Corporation has committed, and continues to commit, acts of infringement in the State of Delaware, has conducted business in the State of Delaware, and/or has engaged in continuous and systematic activities in the State of Delaware.

5. On information and belief, Nippon Telegraph and Telephone Corporation is a corporation existing and organized under the laws of Japan with its principal place of business at Otemachi First Square, East Tower, 5-1 Otemachi 1-Chome, Chiyoda-Ku, Tokyo 100-8116, Japan. On information and belief, this Court has personal jurisdiction over Nippon Telegraph

and Telephone Corporation because Nippon Telegraph and Telephone Corporation has committed, and continues to commit, acts of infringement in the State of Delaware, has conducted business in the State of Delaware, and/or has engaged in continuous and systematic activities in the State of Delaware.

6. Defendants Arkadin, Inc., Arkadin International SAS, NTT Communications Corporation, and Nippon Telegraph and Telephone Corporation are collectively referred to as "Defendants" or "Arkadin."

## JURISDICTION AND VENUE

7. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States' patent statutes, 35 U.S.C. § 101 *et seq*.

9. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants have committed acts of infringement in this district and/or are deemed to reside in this district.

10. This Court has personal jurisdiction over Defendants and venue is proper in this district because Defendants have committed, and continue to commit, acts of infringement in the state of Delaware, including in this district, have conducted business in the state of Delaware, including in this district, and/or have engaged in continuous and systematic activities in the state of Delaware, including in this district.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 9,001,899)

11. Plaintiff incorporates paragraphs 1 through 10 herein by reference.

12. Plaintiff is the owner and assignee of the '899 patent, entitled "Video Information Processing System with Selective Chroma Deblock Filtering," with ownership of all substantial rights in the '899 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '899 patent is attached as Exhibit A.

13. The '899 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

14. Plaintiff has been damaged as a result of Arkadin's infringing conduct described in this Count. Arkadin is thus liable to Plaintiff in an amount that adequately compensates it for Arkadin's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### Direct Infringement

15. On information and belief, Arkadin has and continues to directly infringe one or more claims of the '899 patent in this judicial district and/or elsewhere in Delaware and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing infringing systems with video coding and/or processing capabilities, including but not limited to systems with H.264 SVC capabilities, including but not limited to the ArkadinVideo HD Room, by practicing infringing methods by way of Arkadin's systems with video coding and/or processing capabilities, including but not limited to systems with H.264 SVC capabilities, including but not limited to the ArkadinVideo HD Room, and/or by directing or controlling the performance of infringing methods, including by end-users of Arkadin's systems with video coding and/or processing capabilities, including but not limited to systems

with H.264 SVC capabilities, including but not limited to the ArkadinVideo HD Room. Arkadin is thereby liable for infringement of the '899 patent pursuant to 35 U.S.C. § 271.

### Indirect Infringement – Inducement

16. Based on the information presently available to Plaintiff, absent discovery, and in addition or in the alternative to direct infringement, Plaintiff contends that Arkadin has and continues to indirectly infringe one or more claims of the '899 patent, including at least claim 1, by inducing others, including end-users of Arkadin's systems' H.264 SVC capabilities, including but not limited to those of the ArkadinVideo HD Room, to make, use, sell, offer for sale, and/or import infringing video coding and/or processing systems and/or to practice infringing methods in violation of one or more claims of the '899 patent, including at least claim 1.

17. On information and belief, Arkadin has been on notice of the '899 patent since at least service of this action, or before, but has continued since that time to cause others to directly infringe the '899 patent as alleged herein. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

18. On information and belief, since Arkadin has been on notice of the '899 patent, Arkadin has knowingly induced infringement of the '899 patent, including at least claim 1 of the '899 patent, and possessed specific intent to encourage others' infringement.

19. On information and belief, since Arkadin has been on notice of the '899 patent, Arkadin knew or should have known that its actions would induce actual infringement of the '899 patent, including at least claim 1 of the '899 patent, by end-users of Arkadin's systems' H.264 SVC capabilities, including but not limited to those of the ArkadinVideo HD Room.

20. For example, since Arkadin has been on notice of the '899 patent, Arkadin has purposefully and voluntarily made available systems with video coding and/or processing capabilities, including but not limited to systems with H.264 SVC capabilities, including but not limited to the ArkadinVideo HD Room, with the expectation that they would be utilized by end-users in the United States in a way that infringes at least claim 1 of the '899 patent.

21. Since Arkadin has been on notice of the '899 patent, Arkadin has also encouraged end-users of Arkadin's systems with video coding and/or processing capabilities, including but not limited to systems with H.264 SVC capabilities, including but not limited to the ArkadinVideo HD Room, to utilize such devices in a way that results in the infringement of at least claim 1 of the '899 patent.

22. Arkadin has not produced or relied upon an opinion of counsel suggesting that the '899 patent is invalid or is not infringed by Arkadin's systems with video coding and/or processing capabilities, including but not limited to systems with H.264 SVC capabilities, including but not limited to the ArkadinVideo HD Room. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

23. Arkadin has not produced any evidence as to any investigation, design around or that any remedial action was taken with respect to the '899 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## ADDITIONAL ALLEGATIONS

24. Plaintiff has been damaged as a result of Arkadin's infringing conduct described herein. Arkadin is thus liable to Plaintiff in an amount that adequately compensates Plaintiff for

Arkadin's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

25. Arkadin's actions complained of herein will continue unless Arkadin is enjoined by this Court.

26. Plaintiff has complied with 35 U.S.C. § 287.

27. Arkadin's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Arkadin is enjoined and restrained by this Court.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff requests that this Court find in its favor and against Defendants, and that this Court grant Plaintiff the following relief:

a. Enter judgment for Plaintiff on this Complaint;

b. Enter judgment that one or more claims of the '899 patent have been infringed, either directly or indirectly by Defendants

c. Enter judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

d. Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

e.  Enter a permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing or inducing infringement of the '899 patent, or, in the alternative, judgment that Defendants account for and pay to Plaintiff a reasonable royalty and an ongoing post-judgment royalty because of Defendants' past, present and future infringing activities and other conduct complained of herein;

f.  That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

g.  Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

h.  That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 30, 2015

*Of Counsel:*
**THE SIMON LAW FIRM, P.C.**
Anthony G. Simon (*pro hac vice forthcoming*)
Michael P. Kella (*pro hac vice forthcoming*)
Benjamin R. Askew (*pro hac vice forthcoming*)
Timothy D. Krieger (*pro hac vice forthcoming*)
800 Market Street, Suite 1700
St. Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029
asimon@simonlawpc.com
mkella@simonlawpc.com
baskew@simonlawpc.com
tkrieger@simonlawpc.com

**THE deBRUIN FIRM LLC**

*/s/ David W. deBruin*
David W. deBruin (#4846)
405 N. King Street, Suite 440
Wilmington, DE 19801
(302) 660-2744
ddebruin@thedebruinfirm.com

*Attorney for Plaintiff*